IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MICHAEL NORTHUP                                                                  PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 3:10cv254-HTW-LRA

LANE PATTIE, Patrol Officer                                          DEFENDANT

MEMORANDUM OPINION

This cause is before the court, sua sponte, for consideration of dismissal. Plaintiff Michael Northup, filed this complaint pursuant to 42 U.S.C. § 1983 on May 4, 2010. Plaintiff is an inmate presently incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi. The named defendant is Lane Pattie, a patrol officer. Plaintiff is seeking as relief the dismissal of the arrest warrant, time served or monetary damages.

The plaintiff alleges in his complaint [1] that defendant Pattie stole his identity when defendant Pattie forged his name to a statement. Apparently, the statement, allegedly forged by defendant Pattie, provided that plaintiff understood his constitutional rights prior to being questioned for the crime of murder and prior to his residence being searched. As a result of a search of plaintiff's residence, a folded note which was headed "pepel to kill" and another one with addresses on it were found and were used as evidence against plaintiff in his state criminal trial. Resp. [15] p. 3. In fact, those notes were used together at the plaintiff's state criminal trial to "make a hit list." Id. As a result of the actions of defendant Pattie, the plaintiff contends he was wrongfully arrested and subsequently convicted.[1]

---

[1] The plaintiff's state court conviction for capital murder and sentence to life without parole was affirmed by the Mississippi Supreme Court on September 6, 2001. Northup v. State, 793 So.2d 618 (Miss. 2001).

Analysis

Title 28 U.S.C. Section 1915(e)(2)[2] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly,

---

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)   is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from
        such relief.

the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. As discussed below, the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named defendant.

Monetary damages

This court finds that the plaintiff is arguing that he did not knowingly waive his constitutional rights and that the search of his residence which produced evidence used to convict him in state court was wrongfully obtained. Therefore, the plaintiff is requesting the dismissal of the arrest warrant or monetary damages. As discussed below, the plaintiff's claims presented in the instant civil action are precluded by the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the Supreme Court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

3

Id. at 2372 (footnotes omitted) (emphasis added); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

The United States Court of Appeals for the Fifth Circuit has applied the holding of Heck in a suit brought pursuant to § 1983 by a person convicted of a crime who subsequently challenged his arrest. Wells v. Bonner, 45 F.3d 90 (5th Cir. 1995).[3] The plaintiff in Wells asserted claims for malicious prosecution, false arrest, and excessive force. Id. at 92. Specifically addressing the false arrest claim asserted by the plaintiff, the Fifth Circuit stated, "[i]t is immediately clear that ... the rationale of Heck precludes [the plaintiff's] claim of false arrest". Id. at 95. This court finds that plaintiff's claims that he did not knowingly sign the statement acknowledging his constitutional rights, that his arrest was unlawful and that the search of his residence was illegal are barred by Heck. Clearly, if the plaintiff were to prove these claims, the validity of plaintiff's conviction would be called into question. See id. Moreover, the plaintiff states in his Response [15] that his conviction and sentence have not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. Consequently, the plaintiff is barred from proceeding under 42 U.S.C. § 1983 until the Heck conditions are met.[4]

---

[3] Plaintiff Wells was arrested and charged with resisting a search and disorderly conduct. The disorderly conduct charge was dropped before trial and Wells was prosecuted and convicted on the charge of resisting a search. Wells at 93.

[4] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

4

Requested release for time served

The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). Therefore, to the extent the plaintiff is requesting release from custody for time served, a petition for habeas corpus relief is the appropriate legal vehicle to assert these claims.[5]

Conclusion

As discussed above, the plaintiff's § 1983 claims against the named defendant are not cognizable. Consequently, this complaint will be dismissed for the plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii). Moreover, the plaintiff must file a separate request for habeas relief concerning being released for time served.

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike".[6] If the plaintiff receives "three strikes" he

---

[5] This court notes that any habeas petition filed by the plaintiff in this court would be a successive petition pursuant to 28 U.S.C. § 2244 and would require the prior authorization of the United States Court of Appeals for the Fifth Circuit before this court could consider the petition. This court in Northup v. Hood, No. 3:08cv480-DPJ-JCS, denied the plaintiff's habeas corpus challenge to his conviction and sentence by a judgment [21] filed on September 15, 2009.

[6] 28 U.S.C. § 1915(g) states:
>In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 18th day of August, 2010.

                         s/ HENRY T. WINGATE
                         CHIEF JUDGE
                         UNITED STATES DISTRICT COURT

Civil Action No. 3:10-cv-254 HTW-LRA
Memorandum Opinion